## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DIN SHEPP, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| CUSTOM CARTAGE, INC., JOSHUA | ) | Civil Action No. |
| DILLISHAW, and NATIONAL | ) | 1:20-cv-02722-TWT |
| LIABILITY & FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
|   Defendants. | ) | |
| _____ | ) | |

## **DEFENDANTS' MOTION TO EXCLUDE CERTAIN TREATING PHYSICIANS' PURPORTED EXPERT TESTIMONY**

COME NOW Custom Cartage, Inc., Joshua Dillishaw, and National

Liability & Fire Insurance Company, named Defendants in the above-captioned

matter, and pursuant to Federal Rules of Civil Procedure 26 and 37, and this

Court's Scheduling Order (Doc. 25), hereby move this Court to exclude any expert

opinions to be expressed by Plaintiff's untimely identified treating physicians,

Francis Acquah, M.D. (hereinafter "Dr. Acquah"), Brad Prybis, M.D. (hereinafter

"Dr. Prybis"), and Thomas Turek, M.D. (hereinafter "Dr. Turek"), and in support

Page 1

thereof, respectfully show the Court as follows:

## Factual Background

This case arises from a motor vehicle collision that occurred on December 18, 2018 in Fulton County Georgia. (Doc. 1, Ex. B.) Plaintiff alleges that he was struck from behind by a tractor trailer driven by Defendant Joshua Dillishaw, who was operating the same in the course and scope of his employment for Defendant Custom Cartage, Inc., while traveling southbound on Interstate 75/85.[1] (*Id.*) As a result of the collision, Plaintiff is claiming permanent personal injuries and damages to his lower back. (Doc. 1, Ex. A.)

After Plaintiff originally instituted this action in the State Court of Fulton County, Defendants removed this action to this Court on June 29, 2020. (Doc. 1.) Thereafter, counsel for the parties conferred pursuant to Rule 26(f) and jointly drafted the submitted Joint Preliminary Report and Discovery Plan to the Court on July 15, 2020.[2] (Doc. 8.) In the Discovery Plan, the parties requested to be placed on an eight-month discovery track, which would have started on June 29, 2020, the

---

[1] The facts regarding how the subject collision occurred are disputed. However, those facts are irrelevant for the purpose of this motion.

[2] Counsel for the parties did not discover that the Court did not enter their proposed

date on which Defendants filed their Answer in this matter, and provided 120 days, or until October 27, 2020, for Plaintiff to identify any experts for use at trial. (Doc. 3 and 8.)

On July 29, 2020, Plaintiff submitted his Initial Disclosures wherein he failed to identify any experts for use at trial and specifically stated, "However, Plaintiff does intend to call one or more of Plaintiff's treating physicians as *fact* witnesses . . . " and later listed Dr. Acquah, Dr. Prybis, and Dr. Turek, among several others medical providers, as potential *fact* witnesses. (*See* Ex. 1 attached hereto at Initial Disclosure Response No. 4, Ex. A; Doc. 10) (emphasis added).[3] At

---

Discovery Plan until after the close of the initial discovery period.

[3] Defendants acknowledge that Plaintiff is able to call any treating physicians identified in his Initial Disclosures as *fact* witnesses in this case. Therefore, such witnesses may only testify as to their "personal knowledge, including treatment of the party." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d. 1312, 1317 (11th Cir. 2011). Because these witnesses may "properly provide limited opinion testimony on certain subjects within their professional ken . . . the Eleventh Circuit has instructed [courts] to ensure that the requirements of the Federal Rules are not 'evaded through the simple expedient of proffering an expert in lay witness clothing.'" *Rondini v. Bunn*, 2020 WL 136858 at *3 (N.D. Ala. 2020) (quoting *Kaplan v. Kaplan*, 2012 WL 1660605 at *1 (M.D. Fla. 2012); *Williams*, 644 F.3d 1317. Accordingly, Defendants submit that Dr. Acquah, Dr. Prybis, and Dr. Turek may testify as fact witnesses regarding their actual treatment and diagnoses of Plaintiff; however, "[t]he Eleventh Circuit has found that causation opinions typically fall outside the scope of a treating physician's care and treatment and thus

no time did Plaintiff identify Dr. Acquah, Dr. Prybis, and/or Dr. Turek as potential expert witnesses or produce their corresponding disclosures as required by Rule 26(a)(2)(C) prior to October 27, 2020.[4]

On May 6, 2021, the parties conferred and submitted their Joint Motion for Extension of Time to Complete Discovery requesting that the Court extend discovery in this matter until November 1, 2021. (Doc. 24.) The same was granted by the Court on May 7, 2021, and in so doing, imposed a new deadline upon Plaintiff to identify and/or disclose any experts for use at trial by June 17, 2021.[5] (Doc. 25.) Again, no such disclosures were forthcoming by that deadline in accordance with Rule 26(a)(2)(C).

It was not until September 21, 2021, over three months past the Court's

---

cross the line from lay to expert testimony." *Bryan v. Whitfield*, 2015 WL 11109792 at *3 (N.D. Fla. 2015) (citing *Wilson v. Taser Int'l, Inc.*, 303 Fed. Appx. 708, 712-713 (11th Cir. 2008)).

[4] In fact, even after this deadline expired, Plaintiff indicated in his interrogatory responses that he had not identified whom he would call as expert witnesses in this case but anticipated calling his "treating physicians." (*See* Ex. 2 attached hereto at Interrogatory Response Nos. 2-3.) Plaintiff continued by stated that upon "any additional determinations being made," Plaintiff would supplement his responses "as required." (*Id.*)

[5] Defendants were provided until August 1, 2021 to identify and/or disclose any rebuttal experts.

Scheduling Order deadline, that Plaintiff identified Dr. Acquah as his purported Rule 26(a)(2)(C) "treating pain management physician" and provided the following regarding his potential testimony:

> Dr. Acquah will testify concerning Plaintiff's treatment and care . . . the procedures performed by Dr. Acquah, his medications, physical therapy and pain management and that all his treatment and care is a result of the collision at issue in this litigation. Dr. Acquah will also testify that Plaintiff has been recommended for surgical intervention and continues to need pain management, injections and pain management to treat his back pain and will need this for the future and that the need for this future medical treatment and care is the result of the collision at issue in this litigation. Dr. Acquah will also testify as to Plaintiff's future prognosis and his medical needs related to his future treatment and care and that this future treatment and care is medically necessary and reasonable. Dr. Acquah will also have opinions that are identified in the medical records previously produced to Defendants.

(Doc. 33.) This disclosure was followed by a subsequent identification of Dr. Prybis and Dr. Tyrek as additional purported Rule 26(a)(2)(C) expert witnesses on October 29, 2021, the day before discovery closed in this case. (Doc. 35.) As to Dr. Prybis, Plaintiff's "treating orthopedic surgeon," Plaintiff provided as follows:

> Dr. Prybis will testify concerning Plaintiff's treatment and care . . . and that all his treatment and care is a result of the collision at issue in this litigation. Dr. Prybis will also testify that Plaintiff has been recommended for surgical intervention and that the need for this future medical treatment and care is the result of the collision at issue

Page 5

in this litigation. Dr. Prybis will also testify as to Plaintiff's future prognosis and his medical needs related to his future treatment and care and that this future treatment and care is medically necessary and reasonable. Dr. Prybis will also have opinions that are identified in the medical records previously produced to Defendants.

(*Id.*) For Dr. Turek, Plaintiff's "radiologist," Plaintiff disclosed as follows:

Dr. Turek will testify concerning his reading and interpretation of Plaintiff's MRI. Dr. Turek will also have opinions that are identified in the medical records previously produced to Defendants.

(*Id.*)

Aside from these generic, unhelpful descriptions, Plaintiff provided no other details regarding these physicians' anticipated testimony or any summary of the facts or opinions to which these treating physicians are expected to testify. And, although Plaintiff characterizes these physicians as treating physicians and experts, his disclosures were not only untimely but also failed to comply with Rule 26's requirements for either subsection (B) or (C) designation and the Court's Local Rule 26.2(C) regarding the timing for designating expert witnesses. Accordingly, Defendants respectfully request that the Court exclude Dr. Acquah, Dr. Prybis, and Dr. Turek as expert witnesses in this matter and prohibit each of them from providing any expert testimony that suggests proximate causation of Plaintiff's

injuries to the subject collision.

## Argument and Citation of Authority

Federal Rule of Civil Procedure 26(a)(2)(A) through 26(a)(2)(C) govern the

required disclosures for expert witnesses, and provides in pertinent part:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, *this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony. . . .

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, *if the witness is not required to provide a written report, this disclosure must state:*

> > *(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and*
> > *(ii) a summary of the facts and opinions to which the witness is expected to testify.*

Fed.R.Civ.P. 26(a)(2)(A)-(C) (emphasis added). These disclosures must be made

"at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D).

"The expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)). The rule also seeks to allow for opposing counsel to have an "opportunity to depose [the disclosed expert], proffer a rebuttal expert, or file a *Daubert* motion." *Rondini*, 2020 WL 136858 at *2 (citing *Reyes v. BJ's Restaurants, Inc.*, 774 F. Appx. 514, 517 (11th Cir. 2019)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (internal citations omitted), overruled on other grounds, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006).

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Under Rule 37, the sanction of

exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either substantially justified or harmless. *Leaks v. Target Corp.*, 2015 WL 4092450 at *4 (S.D. Ga. 2015). Plaintiff cannot demonstrate this, and thus, Defendants' motion is due to be granted.

## I. **Plaintiff has Failed to Comply with Federal Rule of Civil Procedure 26(a)(2)(D).**

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party seeking to present expert testimony has an obligation to provide certain expert disclosures. "Rule 26(a)(2)(D) provides, in relevant part: 'A party must make these disclosures at the times and in sequence that the court orders.'" *Buckler v. Star Fleet Trucking, Inc.*, 2020 WL 4722065 at *1 (N.D. Ga. 2020). In order to make a proper disclosure, parties must, by the deadlines set by the court, disclose the identities of their experts in accordance with either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). *See e.g. Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 717 (11th Cir. 2019).

Here, the Court issued a Scheduling Order on May 7, 2021 setting a deadline of June 17, 2021 for Plaintiff to identify and/or disclose any expert witnesses for

use at trial.[6] (Doc. 25.) No such disclosures were forthcoming until September 21, 2021 when Plaintiff identified Dr. Acquah as a potential non-reporting treating physician under Rule 26(a)(2)(C), which was over three months past Plaintiff's expert disclosure deadline, over a month and a half past Defendants' rebuttal expert deadline of August 1, 2021, and 41 days before the close of discovery.[7] (Doc. 33.) A second untimely expert witness disclosure was submitted by Plaintiff on October 29, 2021, on the eve of discovery closing in this matter, at which time Plaintiff identified both Dr. Prybis and Dr. Turek as additional non-reporting treating physicians under Rule 26(a)(2)(C). (Doc 35.)

There can be no dispute that Plaintiff was aware of the identities of Dr. Acquah, Dr. Prybis, and Dr. Turek prior to the institution of this action, (*see* Doc. 1, Ex. A), at the time of submitting his Initial Disclosures, (Ex. 1), on October 27, 2020, (Doc. 8), on November 5, 2020, the date on which Plaintiff submitted

---

[6] This does not even include the fact that the parties' original Discovery Plan had an initial deadline of October 27, 2020 for Plaintiff to identify any potential expert witnesses in this matter. (Doc. 8.)

[7] In the Court's May 7, 2021 Scheduling Order, the Court granted Defendants a 45-day period of time to identify and/or disclose any potential rebuttal experts in the event Plaintiff timely identified and/or disclosed any such expert witnesses on or before June 17, 2021. (Doc. 25.)

written discovery responses, (Ex. 2), and on June 17, 2021, (Doc. 25). However, at no time prior to June 17, 2021 did Plaintiff disclose these treating physicians as his expert witnesses pursuant to Rule 26(a). Instead, Plaintiff identified these providers as solely *fact* witnesses and indicated that no determination had been made as to identification of experts for use at trial, and such information would be supplemented "as required." (*See* Ex. 1 at Initial Disclosure Response No. 4, Ex. A; Ex. 2 at Interrogatory Response Nos. 2-3.) Both Rules 26(a)(2)(D) and Rule 26(e) required Plaintiff to comply with the Court's May 7, 2021 Scheduling Order, and failure to do so mandates exclusion of these experts' testimony under Rule 37(c)(1).

A previous decision by this Court that is analogous to the facts of this case is *Buckler*, cited *supra*, wherein this Court entered a scheduling order requiring the plaintiff to make expert disclosures by a date certain. *Buckler*, 2020 WL 4722065 at *1. The plaintiff failed to timely disclose his accident reconstruction expert, and the defendant moved to exclude that expert's testimony under Rule 26(a)(2)(D). *Id*. The plaintiff acknowledged that the disclosure was untimely and attempted to excuse away the untimely disclosure due to the unavailability of another witness.

Page 11

*Id*. at *2. This Court found that argument unpersuasive as well as the argument that there were other procedural avenues that the Court could provide the defendant including permitting the defendant to depose the prospective expert as well as locate, retain, and disclose a rebuttal expert. *Id*. This Court declined to place such burdens on the defense due to the age of the case, the fact that the case was ready for trial, and any such delay was caused by the plaintiff's own lack of diligence. *Id*. This Court ultimately granted the defendant's motion to exclude plaintiff's expert witness' testimony, citing another case decided by this Court, *Watkins v. KFC U.S. Props., Inc.*, 2011 WL 3875987 at *5-6 (N.D. Ga. 2011), reasoning that if this Court were to permit the testimony of a late-disclosed expert witness, it would then have to direct the offending party to provide a corresponding disclosure that complied with Rule 26 and reopen discovery for the non-offending party to depose that expert, which would create delay and unnecessarily prejudice the non-offending party, who had timely performed their obligations. *Id*.

This matter is no different than the *Buckler* case. Plaintiff was clearly aware of his duties and obligations to comply with Rule 26 since, through his counsel, Plaintiff had completed a Rule 26(f) conference, participated in the drafting of the

original Discovery Plan, joined in requesting a discovery extension from the Court, which included the June 17, 2021 expert disclosure deadline, and ultimately and untimely identified non-reporting treating physicians before the close of discovery. The record is clear that Plaintiff identified *all* of his healthcare providers, including those at issue in this motion, in his Initial Disclosures *solely as fact witnesses*, and untimely identified his three purported expert witnesses beyond the deadline prescribed by the Court. No reasonable justification can be provided for this delay, as Plaintiff could have identified these treating physicians as experts at the outset of this litigation, thereby allowing Defendants the opportunity to retain and disclose their own rebuttal expert witnesses within the time provided by the Court. Discovery has now closed in this matter, and the case is ripe for summary judgment consideration. As such, these experts' testimony is due to be barred and excluded from this action.[8]

---

[8] Furthermore, this Court cautioned litigants in *dicta* that "the Court observes that any non-treating physician who testifies as an expert witness . . . must submit a report, and must do so within the time period provided by the Federal Rules of Civil Procedure." *See Galack v. PTS of America, LLC*, 2015 WL 11578540 at *2 (N.D. Ga. 2015).

## II. **Plaintiff has Failed to Comply with Federal Rule of Civil Procedure 26(a)(2)(A).**

Pursuant to Rule 26(a)(2)(C), which specifically covers disclosures from experts who are not required to produce a Rule 26(a)(2)(B) report, a party seeking to utilize such experts must provide a disclosure that gives a summary of the facts and opinions to which the witness is expected to testify. Fed.R.Civ.P. 26(a)(2)(C)(ii). Generic disclosures, as was provided by Plaintiff, fail to comply with Rule 26. *See Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493 at *6 (N.D. Ga. 2013); *see also Langermann v. Property & Cas. Ins. Co.*, 2015 WL 4724512 (D. Nev. 2015) (holding that a generic, unhelpful description of the subject matter on which each provider is expected to testify is insufficient to comply Rule 26(a)(2)(C)).

In *Kondragunta*, the plaintiff's disclosure stated:

> Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Plaintiffs hereby also identify the following treating physicians who may testify [] regarding their treatment of Plaintiff Madhusudhana Kondragunta ("Plaintiff Kondragunta"), evaluation of Plaintiff Kondragunta, the injuries caused by the collision at issue in this case, Plaintiff Kondragunta's jaw surgery (Dr. Shahrokh C. Bagheri and Dr. Gary Bouloux), Plaintiff Kondragunta's back and/or neck injuries (Dr. Lee Kelley, Dr. D. Hal Silcox, and Dr. Donald Langenbeck), their medical records relating to Plaintiff Kondragunta's care and medical

history, Plaintiff Kondragunta's prior treatment and future prognosis and treatment and the need for Plaintiff Kondragunta to have additional surgeries, and any other opinions contained in the medical records or deposition testimony . . .

2013 WL 1189493 at *4. The Court in *Kondragunta* found that this disclosure was deficient and did not comply with Rule 26(a)(2)(C) because it did not provide a summary of the facts and opinions on which the treating physician was expected to testify. *Id.* at *6.

In the present case, Plaintiff's expert disclosures, identified *supra*, provide equivalent detail as that provided in the disclosures in *Kondragunta*. For example, and as to Dr. Acquah and Dr. Prybis, Plaintiff stated that these physicians would testify concerning their treatment and care but failed to disclose what that treatment and care entailed. Furthermore, both disclosures indicate that Plaintiff requires future medical treatment and care, that his future prognosis and medical needs are the result of the subject collision, that the treatment rendered was necessary and reasonable, and they would testify as to other opinions identifiable in the medical records previously produced; yet, Plaintiff fails to disclose what specific future medical care and needs he requires, what prognosis the physicians appear to be alluding to, and refers Defendants to his medical records to decipher

additional medical opinions. As to Dr. Turek, Plaintiff provides nothing more than that Dr. Turek will testify as to the results of his MRI, which is fact—not expert—testimony and render opinions based on Plaintiff's medical records as well.

Plaintiff's disclosures virtually fail to disclose any opinions that his treating physicians intend to provide and what those opinions would be based on. Instead, Plaintiff refers to the medical records produced – which include the records of other medical providers – and further fails to identify which records these physicians will be testifying about and whether their opinions are based upon only their records or the records of other medical providers. As such, these disclosures are sufficient only to satisfy the requirements of Rule 26(a)(2)(C)(i) which pertains only to the subject matter on which they will be testifying. *See Kondragunta*, 2013 WL 1189493 at *6. They do not satisfy the requirement of Rule 26(a)(2)(C)(ii) which requires information about the substance of these experts' opinions. *Id.* (noting that the plaintiff's "compliance" with Rule 26(a)(2)(C)(ii) was "too abbreviated" where it failed to provide actual opinions); s*ee also Davis v. Green*, 2015 WL 3505665 at *4 (N.D. Ga. 2015).

Moreover, Plaintiff cannot argue that having produced these physicians'

medical records, that Defendants were in the position to glean the facts and opinions that these witnesses would provide. Courts have summarily rejected the argument that the mere disclosures of treatment records without an accompanying disclosure summary satisfies Rule 26(a)(2)(C). *See Kondragunta*, 2013 WL 1189493 at *6 ("Allowing medical records to be submitted 'in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'"); *Smith v. Barrow Neurological Inst. of St. Joseph's Hosp. & Med. Ctr.*, 2012 WL 4359057 at *1 (D. Ariz. 2012) (holding that referring to medical records associated with a treating physician fails to meet the requirements of Rule 26(a)(2)(C) and is grounds to strike an expert); *Ballinger v. Casey's Gen. Store, Inc.*, 2012 WL 1099823 at *4 (S.D. Ind. 2012) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to the "summary" requirement of Rule 26(a)(2)(C)); *Brown v. Providence Med. Ctr.*, 2011 WL 4498824 at *1 (D. Neb. 2011) (holding that the court will not "place the burden on Defendants to sift through the medical records in an attempt to figure out what each expert may testify to" and that plaintiffs have

an obligation to provide information regarding the expected testimony of their expert witnesses in a coherent manner).

Consequently, Plaintiff's failure to comply with the disclosure requirements under 26(a)(2)(C)(ii) makes it impossible for Defendants to determine whether a Rule 26(a)(2)(B) report is required for these physicians. The disclosure given does not offer enough information to determine if any opinions Plaintiff intends to elicit from these physicians were developed during their treatment of him and are based upon observations made during that treatment, or if they are based on information that would trigger the requirement to produce a Rule 26(a)(2)(B) report.[9] Given the abbreviated disclosures offered by Plaintiff, it would be nearly impossible for Defendants to forecast whether these experts' testimony and opinions were based

---

[9] In determining whether a Rule 26(a)(2)(B) report is required, the label of "treating physician" is irrelevant; instead, the determination turns on the substance of the physician's testimony. *Kondragunta*, 2013 WL 1189493 at *10 "[I]f a physician's opinion regarding causation or any other matter was formed and based on observations made during the course of treatment, then no Subsection B report is required, albeit the Subsection C report . . . will be required. If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required." *Id*. at *12; *see U.S. v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("the ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses. . . .").

on facts gathered outside the course of their treatment or will use hypotheticals sufficient to require Plaintiff to produce a full Subsection (B) report. As a result, in addition to failing to comply with the standards of Subsection (C), Plaintiff may also be non-compliant with Subsection (B).

### III.   Plaintiff has Failed to Comply with this Court's Local Rule 26.2(C).

Pursuant to this Court's Local Rule 26.2(C), a party desiring the use of expert testimony "shall designate the expert sufficiently early in the discovery period." "The purpose of this rule is so the opposing party has the opportunity to depose the expert and, if desired, to name its own expert sufficiently in advance of the close of discovery so that similar discovery deposition of the second expert might also be conducted prior to the close of discovery." *Durkin v. Platz*, 920 F.Supp.2d 1316, 1326 (N.D. Ga. 2013). Local Rule 26.2(C) goes on to state that "[a]ny party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified." *See Galack*, 2015 WL 11578540 at *2.

It is clear from the record that Plaintiff's late and untimely disclosure of his

expert witnesses failed to comply with Local Rule 26.2, as one disclosure was provided near the close of discovery without sufficient time in advance to allow Defendants to retain and disclose a rebuttal expert, as Defendants' disclosure deadline had expired as of August 1, 2021. Moreover, Plaintiff disclosed Dr. Prybis and Dr. Turek *on the day before discovery closed*, which is clearly not "sufficiently early in the discovery period." As noted previously, Plaintiff was aware of his treating physicians well before this litigation was filed, and thus, Plaintiff has no plausible justification for his lack of identifying these experts early and timely in discovery and in accordance with the Court's Scheduling Order.

## IV.   Dr. Acquah, Dr. Prybis, and Dr. Turek's Anticipated Expert Opinions Should be Barred, Excluded, and Stricken.

If a party does not make a timely and complete expert witness disclosure, that expert's testimony is ordinarily excluded from trial, unless the failure to disclose was substantially justified or is harmless. Fed.R.Civ.P. 37(c)(1); *see also Hassebrock v. Bernhoft*, 815 F.3d 334, 337-338 (7th Cir. 2016) (upholding exclusion of expert witness where plaintiffs were aware of discovery deadlines and failed to disclose expert prior to expiration of deadlines without justification). "[T]he burden of establishing that a failure to disclose was substantially justified or

harmless rests on the [non-disclosing] party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009); *see also Gordon v. Wal-Mart Supercenter*, 2009 WL 3850288 at *5 (S.D. Ala. 2009) (quoting *Lips v. City of Hollywood*, 2009 WL 3048895 at *11 (11th Cir. 2009).

There is no question that Plaintiff has failed to conform with the requirements of Rule 26(a)(2)(C) by not providing a summary of the areas in which Dr. Acquah, Dr. Prybis, and Dr. Turek are to testify, including supportive facts and opinions in Plaintiff's disclosures. Without this information, Defendants have no prior notice of what facts or opinions these treating physicians would have.

In determining whether the failure to sufficiently disclose an expert witness is substantially justified or harmless, courts are guided by several factors, including: (1) The surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *Kondragunta*, 2013 WL 1189493, at * 7.

There is no question here that merely identifying Dr. Acquah, Dr. Prybis, and Dr. Turek as treating physicians in Plaintiff's Initial Disclosures is insufficient to cure the surprise that is caused by failing to provide a timely disclosure in compliance with Rule 26. *Rangel v. Anderson*, 202 F.Supp.3d 1361, 1366 (S.D. Ga. 2016) (holding that a plaintiff cannot overcome the "surprise" element simply because the identified expert was a treating physician, as the surprise defeats the purpose of Rule 26's expert disclosure requirements to the extent that a defendant is given no notice of said expert's opinions, including causation opinions, as well as the bases and subject matter of those opinions). As discussed above, Plaintiff solely divulged *all* of his treating physicians as *fact witnesses* prior to the Court's Scheduling Order deadline, and even through his discovery responses, Plaintiff suggested that his treating physicians *may* testify but submitted no disclosures prior to June 17, 2021, and even after submitting said disclosures, the same failed to comply with Rule 26(a)(2)(C).

Pursuant to the Court's Scheduling Order, discovery closed on November 1, 2021. (Doc. 25.) Plaintiff may argue that Defendants had an opportunity to file a motion requiring a more detailed response as to Rule 26 prior to the close of

discovery, but Plaintiff's deadline had already expired. Moreover, this should not vitiate Plaintiff's failure to conform to the Rule 26(a)(2)(C)'s disclosure mandates. Nor should Plaintiff benefit at trial by allowing these physicians to testify as to facts and opinions that were untimely, undisclosed, and unknown to Defendants. Indeed, Plaintiff's failure to comply with, at a minimum, the requirements of Rule 26(a)(2)(C) preclude Defendants from offering rebuttal testimony from Defendants' own potential expert witnesses. As such, Plaintiff cannot maintain that such a result would be harmless. Given the closure of the discovery period, there is no ability for Plaintiff to cure the surprise and prejudice that would be caused at trial should these physicians be allowed to proffer opinion testimony. Instead, exclusion of opinion testimony is proper under Rule 37(c)(1) for Plaintiff's failure to comply with Rule 26(a)(2)(C). *See Hassebrock*, 815 F.3d at 338 (holding delay in disclosure was neither justified or harmless as any relief sought to plaintiffs would require reopening discovery, cause prejudice to defendants, and case was already in summary judgment stage).

## Conclusion

Plaintiff has failed to comply with: (1) the Court's May 7, 2021 Scheduling

Order as required by Rule 26(a)(2)(D) in the disclosure of expert witnesses for use at trial, (2) Rule 26(a)(2)(C) regarding the proper information required for the disclosure of non-reporting treating physicians, (3) possibly Federal Rule of Civil Procedure Rule 26(a)(2)(B) due to the potential of these untimely identified expert witnesses meeting that criteria, and (4) the Court's Local Rule 26.2(C) regarding the timing of designating expert witnesses. Plaintiff cannot provide any justification for failing to disclose these experts timely, as their identities were well known prior to these proceedings. Therefore, Plaintiff's treating physicians, Dr. Acquah, Dr. Prybis, and Dr. Turek, should not be allowed to provide expert opinion testimony in connection with this case.

WHEREFORE, and for the foregoing reasons, Defendants' Motion to Exclude Certain Treating Physicians' Purported Expert Testimony is due to be granted.

**Pursuant to Local Rule 7.1(D), counsel certifies that this brief has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).**

Respectfully submitted, this 29th day of November, 2021.

**/s/ David N. Nelson**
Georgia Bar Number 537760
*Attorney for Defendants*
Chambless, Higdon, Richardson
Katz & Griggs, LLP
Post Office Box 18086
Macon, Georgia  31209-8086
Phone: 478-745-1181
Fax:     478-746-9479
dnelson@chrkglaw.com

**/s/ Chris E. Miranda**
Georgia Bar Number 940867
*Attorney for Defendants*
Chambless, Higdon, Richardson,
Katz & Griggs, LLP
Post Office Box 18086
Macon, Georgia  31209-8086
Phone: 478-745-1181
Fax:     478-746-9479
cmiranda@chrkglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **November 29, 2021**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Alphonso Craig, Esq.
The Craig Law Firm, LLC
303 Perimeter Center North Suite, Suite 300
Atlanta, Georgia 30346

Respectfully submitted, this 29th day of November, 2021.

| | |
|---|---|
| **s/ David N. Nelson** | **/s/ Chris E. Miranda** |
| Georgia Bar Number 537760 | Georgia Bar Number 940867 |
| *Attorney for Defendants* | *Attorney for Defendants* |
| Chambless, Higdon, Richardson | Chambless, Higdon, Richardson, |
| Katz & Griggs, LLP | Katz & Griggs, LLP |
| Post Office Box 18086 | Post Office Box 18086 |
| Macon, Georgia  31209-8086 | Macon, Georgia  31209-8086 |
| Phone: 478-745-1181 | Phone: 478-745-1181 |
| Fax:    478-746-9479 | Fax:    478-746-9479 |
| dnelson@chrkglaw.com | cmiranda@chrkglaw.com |